In the Matter of the Will of JOHN W. GILLIES, Deceased.

*Supreme Court, Second Department, General Term, December 9,* 1889.

*Judgment and decree. Default.*—In the absence of any claim of incompetency, fraud or undue influence, the question of opening a decree admitting a will to probate, taken by default, is to be determined by the injury that will result from letting the decree stand.

Appeal from order of the district attorney and acting surrogate, denying motion to open the decree admitting the will to probate.

*E. T. Lovatt,* for appellants.

*Irving Brown,* for respondent.

BARNARD, P. J.—The proceedings by proponent were regular. The citation to prove the will was returnable October 31, 1888. The hearing was adjourned from time to time until the 5th of January, 1889, when, no one appearing to oppose, the will was admitted to probate. The witnesses to the will had been examined in the presence of the contestant at one of the previous hearings, and on this day the investigation was closed by proof on the part of proponent as to the custody of the will. The 5th of January hearing was agreed to by the proponent and by the attorney representing the contestant for the purpose of procuring an adjournment. The regular attorney for contestants says he told his representative to adjourn the case to 9th January, 1889.

The contestant's representative attorney says he at once sent a letter to his principal stating the real day fixed by the court. As against the respondent the appellant's case rests

upon the receipt by the appellant's attorney of this notice. The question of opening the default is not to be determined by the power of the court to open the probate, this is undoubted; but by some injury to appellant which will result by letting the decree stand. No such injury is claimed. The contest on the probate seems to rest upon an allegation that the widow and children are insufficiently provided for by the will. There is no allegation that testator was incompetent or was defrauded or forced to make the will. The surrogate who had heard the witnesses to the will was likely to know what real cause for contest there was, and in the absence of any proof or allegation in the affidavits of lack of testamentary power in deceased, the order should stand.

Order affirmed, with costs.

PRATT, J., concurs.